UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JAVIER R. CABRAL §<br>    Plaintiff, §<br> §<br>V. §<br> § Civil Action No. SA-14-CV-1037-DAE<br>MEGAN J. BRENNAN, §<br>POSTMASTER GENERAL, §<br>U.S. POSTAL SERVICE, §<br>    Defendant. § | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE DAVID ERZA, U.S. DISTRICT JUDGE:

NOW COMES JAVIER CABRAL, Plaintiff herein and submits his Response to Defendant's Motion for Summary Judgment; and his Statement of Facts (SOF) and Appendix (APPX) of Exhibits separately in support of his Response:

**I.
PLAINTIFF'S STATEMENT**

Plaintiff would agree that his Complaint may contain multi-allegations because of the nature of Defendant's conduct and actions toward Plaintiff.

**A. Exhaustion of Administrative Remedies:**

Plaintiff filed his PS Form 2565, formal complaint on July 31, 2013. (APPX. Ex. 1). Plaintiff claimed age, retaliation; harassment; subjection to hostile work environment; and wrongful termination. Plaintiff alleged Defendant presented him with a Notice of Proposed Removal; on July 1, 2013, he stopped receiving a salary; and that actions taken on or about April 28, 2013 and July 1, 2013 were based on retaliation for making protected disclosures and participation in protected activity.

1

Defendant's Notice of Acceptance for Investigation Mixed Case dated August 28, 2013, informs Plaintiff that his age and retaliation claims were accepted; and advices Plaintiff what actions to take on his age discrimination claim. (APPX. Ex 2). Defendant's "Notice" footnoted, "…you alleged harassment. To qualify as harassment, the actions complained of must be ongoing and continuous".

Within the seven (7) day deadline provided by the Defendant's "Notice" of August 28, 2013, Plaintiff submitted a response to Defendant's Acceptance of Investigation claims. Plaintiff's letter dated September 3, 2013 informed Defendant that:

(a) He did not agree with PS' NAI;

(b) The PS' NAI is misleading and provides false information regarding his rights to pursue his claims of discrimination;

(c) This was not a mixed case;

(d) the PS' NAI presented no evidence or argument on which it determined his claims were a mixed case;

(e) the advice given to him to Appeal to the MSPB after he received the Defendant's Final Agency Decision and not the EEOC was false and misleading and intended to deprive him of his rights to pursue his discrimination claims before the EEOC;

(f) His claims of harassment and subjection to hostile work environment were being submitted; and

(g) He wanted to pursue the EEOC process and not the MSPB process. (APPX. Ex. 3).

Plaintiff presented his disagreement with Defendant's determination and raised his harassment and subjection to hostile work environment claims to the Defendant via his letter dated September 3, 2013. For exhaustion purposes, the EEO charge encompasses claims that are

"like or reasonably related to the allegations of the charge and growing out of such allegations." Park v. Howard Univ., 71 F.3d 904, 907, 315 U.S. App. D.C. 196 (D.C. Cir. 1995).

Plaintiff's Information for Pre-Complaint Counseling, PS Form 2564-A, dated September 19, 2013, alleged discrimination based on race (Mexican American); National Origin (Mexican); retaliation (prior EEO); harassment; age; and subjection to hostile work environment. (APPX. Ex. 1). Plaintiff's (Formal) EEO Complaint of Discrimination in the Postal Service's file dated July 31, 2013 discloses discrimination based on race; harassment; age; retaliation; subjection to hostile work environment and wrongful termination. (APPX. Ex. 4 pg. 1).

On October 4, 2013, Defendant's Notice of Acknowledgement/Acceptance of Amendment to Complaint informs Plaintiff that his complaint, Agency Case No. 4G-780-0147-13 was amended to include discrimination on the basis of Race (Mexican-American), National Origin (Mexican), Retaliation (prior EEO) and age (44). (APPX. Ex. 5). Plaintiff's disclosures of "making protected disclosures and participation in protected activity" are within the meaning and scope of protected activity under Title VII 42 U.S.C. § 2000e-3(a). Plaintiff timely submitted his discrimination claims to Defendant's EEO within 45 days of occurrence pursuant to 29 C.F.R. § 1614.105(a) (1). Defendant issued its Final Agency Decision on August 29, 2014, thereby informing the Plaintiff of his right to file a civil lawsuit within ninety (90) days of receiving Defendant's Final Agency Decision. (APPX. Ex. 6).

Plaintiff exhausted his administrative remedies on his claims of race (Mexican-American); national origin (Mexican); age (44); retaliation; disparate treatment; harassment; and subjection to hostile work environment. 42 U.S.C.S. § 2000e-16(c). Defendant submitted no evidence to prove that Plaintiff did not exhaust his administrative remedies.

**B. Defendant's Summary Judgment Contentions:**

Contrary to Defendant's argument, Plaintiff did exhaust his administrative remedies on harassment and hostile work environment, and all other claims. Defendant raises the issue that "harassment" of Plaintiff applied "to virtually all of the carriers at the Laurel Heights Station", and thereby "would undermine Plaintiff's claim that he was subjected to disparate treatment".

Defendant's implication that all carriers at Laurel Height Station were being harassed coincides with the fact that Plaintiff, and numerous other Postal employees at Laurel Heights, were complaining of discriminatory harassment and hostile work environment. Defendant has not proven that all carriers who signed their names on a Petition complaining of the harassment and hostile work environment at Defendant's Laurel Heights Station were subjected to the same amount of performance scrutiny as the Plaintiff or treated more or less favorably than Plaintiff.

Defendant contends Plaintiff has no probative evidence to prove his claims. Plaintiff submits Defendant's contracted EEO Investigator obtained no Affidavits from witnesses Plaintiff identified in his EEO Affidavit; the only Affidavits are all Defendant's Supervisor's. (APPX. Ex. 7 pgs. 1-3).

The statement that Plaintiff was sent home because he did not have a valid driver's license is incorrect and misleading. Defendant's SOF's provides no non-discriminatory reasons for taking the proposed removal against Plaintiff. Defendant's SOF's portrays Plaintiff as a "bad employee"; however, in each and every action taken by Defendant against Plaintiff all union grievances found Defendant as being complicit to acts against Plaintiff and had no grounds to take such actions against Plaintiff. (See Plaintiff's SOFs).

Defendant's harassment was severe and pervasive. Plaintiff was subjected to several employment actions by Defendant. The time, sequence, and number of times Plaintiff was

subjected to employment actions by Defendant were meant to intimidate, cause psychological harm, and discriminated against him with respect to his compensation, terms, conditions, and/ or privileges of employment, because of his race and national origin. Plaintiff was subjected to racial disparaging comments by Anglo supervisors; and the Postmaster, Anglo male was aware of hostile working conditions at Laurel Heights Station and failed to actions under the Defendant's "Zero Tolerance" policy on harassment.

## II.
## STANDARD OF REVIEW

### A. Summary Judgment:

The party seeking summary judgment carries the burden of demonstrating that there is an absence of evidence to support the non-moving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986). *Plaintiff does not need to present a prima facie case of discrimination, but must simply raise a genuine issue of material fact as to the existence of a prima facie case*. Thornbrough v. Columbus & Greenville R. Co., 760 F.2d 633, 641 n.8 (5th Cir. 1985).

Plaintiff's SOFs sets forth specific facts showing that there is a genuine issue(s) of fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); Brothers v. Klevenhagen, 28 F.3d 452, 455 (5th Cir. 1994). As a matter of law, the facts reviewed should draw all reasonable inferences in favor of the Plaintiff who is opposing the motion. Matagorda County v. Russell Law, 19 F.3d 215, 217 (5th Cir. 1994).

### B. Disparate Treatment Discrimination

The ability of the Plaintiff, and/or any other Postal Service employee, to meet the burdens of establishing "nearly identical circumstances; fulfilled the same job responsibilities; shared the same supervisor; and had essentially comparable violations histories" is impossible. Plaintiff

and all Postal Service employees have from two (2) or three (3) supervisors at a time. Plaintiff withdraws his Disparate Treatment claim to avoid any burden on the Court and move forward for the sake of timeliness.

### C. Retaliation

A showing of three elements is required in order to make out a prima facie case of retaliation: (1) the plaintiff engaged in activity protected by Title VII; (2) an adverse employment action occurred; and (3) there was a causal connection between the participation in the protected activity and the adverse employment action. Barrow v. New Orleans S.S. Ass'n, 10 F.3d 292, 298 (5th Cir. 1994) (citing Shirley v. Chrysler First, Inc., 970 F.2d 39, 42 (5th Cir. 1992)). Dollis v. Rubin, 77 F.3d 777, 1995 U.S. App. LEXIS 40303, 70 Fair Empl. Prac. Cas. (BNA) 517, 68 Empl. Prac. Dec. (CCH) P44, 180 (5th Cir. La. 1995).

Retaliation is not restricted to "ultimate employment decisions," but includes actions which a reasonable employee would find materially adverse, i.e., "'likely 'to deter victims of discrimination from complaining to the EEOC,' the courts, and their employers.'" Cutcher, id., citing Burlington N., id. at 67-68. It is an objective, fact-specific review "'because the significance of any given act of retaliation will often depend upon the particular circumstances. Context matters.'" Id., citing id. at 69. Monsivais v. Arbitron, Inc., 44 F. Supp. 3d 702, 2014 U.S. Dist. LEXIS 123840 (S.D. Tex. 2014)

An employer "commits an unlawful employment practice" if it "retaliates or discriminates against a person who, under this chapter: (1) opposes a discriminatory practice; (2) makes or files a charge; (3) files a complaint; or (4) testifies, assists, or participates in any manner in an investigation, proceeding, or hearing." Monsivais v. Arbitron, Inc., 44 F. Supp. 3d 702, 2014 U.S. Dist. LEXIS 123840 (S.D. Tex. 2014).

Defendant was aware that Plaintiff filed two (2) EEO complaints in 2012, Agency Case No. 4G-780-0127-12 (April 2012) and 4G-780-0196-12 (November 2012). Defendant was aware of Plaintiff's participation in protected disclosures and protected activity since April 2012. As of November 26, 2012, Defendant had knowledge of Plaintiff's EEO activity by way of EEO complaints and union grievances. (APPX. Ex. 10 pg. 1; APPX. 11; APPX. Ex. 13).

After November 26, 2012, Defendant engaged in "continuous" disciplinary actions against the Plaintiff: February 26, 2013; May 1, 2013; and September 9, 2013 (APPX. Ex. 10; APPX. Ex. 13; APPX. Ex. 12, Pl. EEO Supplemental Affidavit p. 2). Between February 26, 2013 and September 9, 2013, Plaintiff had filed one EEO complaint and filed three grievances all of which claimed retaliation, harassment, and subjection to hostile work environment. On May 1, 2015, the Notice of Removal was issued to Plaintiff the same day Plaintiff signed a Petition claiming hostile work environment. (APPX. Ex. 8 pg. 1 and 2).

**D. Hostile Work Environment and Harassment**

Title VII's prohibition against discrimination (and retaliation) with respect to terms, conditions of employment based on race, color, sex, or national origin is not limited to economic or tangible discrimination, but extends to the entire spectrum of disparate treatment of men and women in employment, which includes requiring people to work in a discriminatory hostile or abusive environment. Harris v. Forklift Systems Inc., 510 U.S. 17, 21, 126 L. Ed. 2d 295, 114 S. Ct. 367 (1993). Defendant's discriminatory conduct; its severity; its unreasonable interference to allow Plaintiff to perform his work; the effect it had on the Plaintiff's psychological well-being and its relevancy in determining whether he actually found the environment abusive. Id at 17.

"We evaluate the severity of harassment by considering whether a reasonable person in the plaintiff's position would find the work environment hostile or abusive". See Oncale v.

Sundowner Offshore Servs., 523 U.S. 75, 81, 118 S. Ct. 998, 140 L. Ed. 2d 201 (1998).  "We consider "all the circumstances", including the 'frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance."  Faragher, 524 U.S. at 787-88 (quoting Harris, 510 U.S. at 23). This totality-of-the-circumstances inquiry relies on "[c]ommon sense[] and an appropriate sensitivity to social context." Oncale, 523 U.S. at 82.

Postmaster Robert Carr was aware of Plaintiff's protective activity and disclosures, and made Plaintiff aware of such knowledge. (APPX. Ex. 12, Pl.'s EEO Affidavit p. 3).  Plaintiff, and other Postal employees complained about the working conditions at Laurel Heights Station to Postmaster Robert Carr. (APPX. Ex. 8).  Postmaster Carr clearly stated in the presence of Joseph Blancarte that he would ensure that even if he knew that he would lose a grievance, he would continue the process to make a carriers life miserable.  I took this as a threat not only to me but against Carrier Cabral…" (APPX. Ex. 15).

Postmaster Robert Carr's intent to submit Plaintiff to retaliation, harassment, and hostile work environment is substantiated by the number of disciplinary actions taken against the Plaintiff from November 26, 2012 to September 9, 2013.  The severity of the harm to Plaintiff is evident in his fear of potential physical or other form of harm from Defendant's management officials. (APPX. Ex. 12, Pl.'s EEO Affidavit; APPX. Ex. 14 pg. 5).

### III.
### PLAINTIFF'S RESPONSE TO DEFENDANT'S ARGUMENT

**A. Disparate Treatment Discrimination:**

Plaintiff has withdrawn this claim and therefore, all responses to same are moot.

**B. Age Discrimination**

Plaintiff withdraws his Age discrimination claim for the purpose of avoiding any further burden to the Court; any responses to this claim are moot.

**C. Race and National Origin Discrimination**

Plaintiff is of Mexican-American race and Mexican origin and is under protected class. Plaintiff's "first-line" supervisor was Mark Harpel, male Anglo; Mike Steward, male Anglo (retired) past Plaintiff's supervisor; and Postmaster Robert Carr, male Anglo, is Harpel and was Steward's supervisor. As testifed by Plaintiff in his Deposition, Postmaster Carr at a meeting in told the employees they "needed to take a bath because a lot of us stink". (See Def.'s APPX. at 0057-590-Cabral Fed. Dep. At 116:23-118:16). The "majority of us there were not Anglo…[T]here were a lot of Hispanics". (See Def.'s APPX. at 0057-590-Cabral Fed. Dep. at 116:23-118:16).

The majority of letter carriers are of Mexican origin and are Mexican American. Plaintiff and other Hispanics signed a Petition on May 1, 2013 complaining of harsh working environment, harassment and intimidation. (APPX. Ex. 8). Postmaster Robert Carr makes his racial animus towards Plaintiff and Mexican-Americans in the presence of John Blancarte. (APPX. Ex. 15). Plaintiff, other Postal employees, of Mexican descent and are Mexican American, are being forced to work in an extreme hostile work environment, and is discriminatory treatment of one ethnic group/population of Postal employees.

**D. Causal Connection, Retaliation:**

Defendant took disciplinary actions against Plaintiff on November 26, 2012; February 26, 2013; May 1, 2013; and September 9, 2013. (APPX. Ex. 8; APPX. Ex. 10 pg. 1; APPX. Ex. No. 11; APPX. No. 13; APPX. Ex. 14 pg. 5). From November 26, 2013 to September 9, 2013, Plaintiff filed two (2) and engaged in three (3) union grievances disclosing retaliation,

harassment subjection to hostile work environment, race and national origin discrimination. (APPX. Ex. 1, 4, 9,10, 11, 13, and 14).

Defendant's disciplinary actions beginning on or about November 26, 2013 to September 9, 2013 are separated by a two (2) month period. Beginning on or about February 26, 2013 to September 9, 2013 all union grievances were on going; as was Plaintiff's EEO complaint filed on July 31, 2013. (APPX. Ex. 1, 10, 11, 13, and 14). There is a casual connection between Plaintiff's disclosures of being discriminated and the disciplinary actions taken against him.

It is clear that Plaintiff engaged in protected activity and disclosures. The Defendant committed an adverse employment action (or retaliation) against Plaintiff; and there is a casual connection between the protected activity and the adverse employment action. Dutton v. Univ. Healthcare Sys., L.L.C., 2004 U.S. Dist. LEXIS 8502, 9 Wage & Hour Cas. 2d (BNA) 1223 (E.D. La. May 12, 2004). Plaintiff made several "verbal disclosures" of being subjected to harassment and hostile working environment meeting requirements of the opposition clause of Section 2000e-3 (a) requiring him to demonstrate he had at least a "reasonable belief" that the practice was unlawful. Payne v. McLemore's Wholesale & Retail Stores, 654 F.2nd 1130, 1140 (5th Cir. 1981).

**E. Defendant Non-Discriminatory Reasons are Pretextual:**

The Defendant's Motion proffered reasons for actions taken against Plaintiff are weak, implausible, inconsistent, and contradictory enough that a fact finder could infer the Defendant did not act for the asserted non-discriminatory reasons. Hodgens v. General Dynamics Corporation, 144 F.3d 151, 167 (1st Cir. 1998). All disciplinary actions cited by Defendant were resolved and expunged from Plaintiff's record and in instances the Defendant was found to be responsible for mistreatment of Plaintiff. (APPX Ex. 9, 10, 11, 13, and 14)

The Defendant's "general atmosphere of discrimination" may be considered along with any other evidence bearing on motive in deciding whether the Plaintiff, a Title VII complainant, has met his burden of showing the Defendant's [non-discriminatory] reasons are pretext. Sweeney v. Board of Trustees of Keene State College, 604 F.2d 106, 113, (1st Cir. 1979). Postmaster Robert Carr's statement of making it "miserable for carriers" and Petition signed by Plaintiff, and other Postal employees points to the existence of a severe hostile work environment. (APPX. Ex. 8 and 15).

**F. Plaintiff Wrongfully Placed in an Off-Duty Status for Two Days:**

Defendant's reference to the disciplinary action taken against Plaintiff on September 9, 2013 suggests that Plaintiff was not "monetary" nor "materially" affected. Plaintiff was subjected to emotional and psychological harm. Defendant's actions against Plaintiff did affect his ability to "perform his responsibilities"; the terms, conditions and privileges of his employment. (APPX. Ex. 8-12).

**G. Disparate Treatment**

Plaintiff has withdrawn his Disparate Treatment discrimination claim.

**H. Reasons Plaintiff was sent Home are Pretextual:**

On or about September 9, 2013, Defendant sent Plaintiff home due to his driver's license and not his DWI. Plaintiff's DWI matter was not disclosed to Plaintiff until 2015 and about approximately three (3) weeks prior to his deposition. Defendant was aware of Plaintiff's license matter since February 26, 2013 and waited approximately six (6) months to file disciplinary actions against him. (APPX. Ex. 12, Pl. EEO Supplemental Affidavit p. 2). This was not a legitimate business reason, but, rather pretextual and meant to harass and retaliate against Plaintiff.

**I. Exhaustion of Administrative Remedies on Hostile Work Environment Claim:**

Plaintiff has exhausted his administrative remedies on the hostile work environment and harassment claims; including all other claims. (APPX. Ex. 1, 2, 3, 4, 5, and 6). Plaintiff timely submitted a letter dated September 3, 2013 challenging and disagreeing with the Defendant's EEO acceptance of claims dated August 28, 2013. (APPX. Ex. 3). Plaintiff's letter dated September 3, 2013 did submit his challenge of denying his harassment and hostile work environment claims. Plaintiff's Formal Complaint dated July 31, 2013 discloses harassment and subjection to hostile work environment. (See APPX. Ex. 1). There is no evidence Plaintiff abandoned his hostile work environment and harassment claims.

**J. Evidence of Hostile Work Environment Negates any Inference Plaintiff was Singled out for Harassment because of his Protected Characteristics:**

Plaintiff is in a protected class: his is a Mexican American of Mexican origin; and he engaged in protected disclosures and protected activity. Title VII 42 U.S.C. § 2000e-3(a). Postmaster Robert Carr's own disclosures and statements show a clear discriminatory animus towards Mexican Americans of Mexican descent. (APPX. APPX. Ex. 12, Pl.'s EEO Affidavit p. 3; and APPX. Ex. 15). Postmaster Robert Carr's treatment of Plaintiff and "carriers" is being initiated and carried out by supervisors such as Mike Stewart and Mark Harpel.

Plaintiff testified that the majority of Postal employees are Hispanic. (See Def.'s APPX. at 0057-590-Cabral Fed. Dep. At 116:23-118:16). A signed Petition and cover letter was sent to Postmaster Carr, in which a majority of Hispanics, including Plaintiff, complained of the harassment and hostile work environment at Laurel Heights. (APPX. Ex. 8).

**K. Severity and Pervasiveness of Defendant's Harassment and Hostile Work Environment:**

The disciplinary actions taken against Plaintiff were severe and pervasiveness, to a point that any reasonable person would have terminated his employment.  All disciplinary actions taken against Plaintiff were meant to harassment and retaliation against him.  The time and sequence of Defendant discriminatory conduct was continuous.  (APPX. No. 10-14).  It was the intent of Postmaster Robert Carr to make Plaintiff's, and all carriers', lifes "miserable".  (APPX. Ex. 15)

The Defendant has failed to meet it burden.  "When seeking summary judgment, the Defendant bears the initial responsibility of demonstrating the absence of an issue of material fact with respect to those issues on which the movant bears the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).  Plaintiff has demonstrated by competent summary judgment proof that there is [are] an issue[s] of material fact[s] warranting trial. Id. at 322; see also, Moody v. Jefferson Parish School Board, 2 F.3d 604, 606 (5th Cir.1993).

## IV.
## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests; that the Court deny Defendant's Motion for Summary Judgment.  Plaintiff has shown that there is a dispute regarding a genuine material fact and the evidence is such that a reasonable jury could return a verdict in favor of the Plaintiff, the non-moving party. *Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986)*.  Plaintiff identified specific evidence in the record to articulate the precise manner in which that evidence supports his claims of the existence of genuine material facts in dispute. *See Ragas v. Tennessee Gas Pipeline Company, 136 F. 3d 455, 458 (5th Cir. 1998)*.

## V.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court deny Defendant's Motion for Summary Judgment and for such other relief, either general or special, at law and in equity, to which Plaintiff may be justly entitled to.

    Respectfully submitted,

    LAW OFFICES OF ARTHUR G. VEGA

    419 S. Main, Suite 301
    San Antonio, Texas 78204
    Telephone: (210) 224-8888
    Facsimile:  (210) 225-7751
    E-mail: artavega@yahoo.com

    */s/ Arthur G. Vega*
    ARTHUR G. VEGA
    State Bar No. 20533600

    ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on this the 10th day of November, 2015, I electronically filed the foregoing Plaintiff's Response to Defendant's Motion for Summary Judgment with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the Attorney for Defendant, Mr. Robert Shaw-Meadow, Assistant United States Attorney, 601 N.W. Loop 410, Suite 600, San Antonio, Texas 78216.

    */s/ Arthur G. Vega*
    ARTHUR G. VEGA